NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0099n.06

No. 21-5685

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

SERVPRO INDUSTRIES, INC., nka Servpro Industries, LLC,

    Plaintiff-Appellee,

RICHARD CONNER,

    Third Party Defendant-Appellee,

    v.

TAMMY WOLOSKI; PAUL WOLOSKI; DELTA DAWGS CONSTRUCTION CORPORATION, dba Servpro of Rosemead / South El Monte,

    Defendants/Third Party Plaintiffs-Appellants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

FILED
Mar 04, 2022
DEBORAH S. HUNT, Clerk

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE

---

Before: BATCHELDER, GIBBONS, and GRIFFIN, Circuit Judges.

GRIFFIN, Circuit Judge.

Defendants operated a Servpro franchise until Servpro terminated the parties' agreement after receiving several complaints about defendants' business practices. This litigation ensued, resulting in the district court granting judgment in Servpro's favor on a myriad of claims and counterclaims. On appeal, defendants raise issues that are either foreclosed by the plain language of the parties' agreement or forfeited by failing to present them below. Accordingly, we affirm the district court's judgment.

I.

Plaintiff Servpro Industries, Inc., is a franchisor of cleaning and damage-restoration services. Defendants Tammy and Paul Woloski own Delta Dawgs Construction, which operated a Servpro franchise near Los Angeles, California. The parties' Franchise Agreement expressly stated that it was "formed and made in Tennessee" (where Servpro is headquartered) and provided that Tennessee law governed the relationship. It also contained a "California Addendum" which provided, in part, as follows:

> This Addendum to Franchise License Agreement is made in recognition of the requirements of the California Business and Professions Code Sections 20000 to 20043. The parties to the attached Servpro Industries, Inc. Franchise License Agreement (the "Agreement") agree as follows:
>
> 1. Section 1.2, <u>Renewal</u>, and Section 10, <u>Default and Termination</u>, are amended by adding: California Business and Professions Code Sections 20000 to 20043 provide rights to [Delta Dawgs] concerning termination or non-renewal of a Franchise and further provide if the Agreement is inconsistent with California law, California law will control.
>
> * * *
>
> 6. Section 13.10, <u>Governing Law</u>, is amended by adding: The Agreement requires application of the law of the State of Tennessee. This provision may not be enforceable under California law.

While Delta Dawgs operated as a Servpro franchisee, Servpro received several serious complaints about Delta Dawgs' business practices, including allegations of price gouging, excessive demolition, fraudulent billing, and unprofessional business practices. Servpro determined that these complaints placed its reputation at risk, so it terminated the agreement. Delta Dawgs continued to use the Servpro trademark, which led Servpro to sue defendants for trademark infringement and breach of contract. Defendants countersued, alleging in relevant part that Servpro violated the California Franchise Relations Act (CFRA) and breached the Franchise

Agreement. The district court entered judgment in Servpro's favor on all counts and defendants have timely appealed.

II.

Defendants first appeal the district court's dismissal of their CFRA counterclaim. We review the district court's ruling on a Rule 12(b)(6) motion de novo. *In re Fifth Third Early Access Cash Advance Litig.*, 925 F.3d 265, 275–76 (6th Cir. 2019). Defendants bring three arguments: (1) that the California Addendum to the Franchise Agreement affords them rights under the CFRA; (2) even if the CFRA does not apply, the district court should have found the counterclaim viable under Tennessee law; and (3) the district court erred when it denied their request for leave to amend. We disagree.

A.

First, defendants argue that the California Addendum to the Franchise Agreement operates as a choice-of-law provision and affords them rights under the CFRA.[1] Specifically, defendants seek to enforce Cal. Bus. & Prof. Code §§ 20020 (Grounds for Termination), 20035 (Termination or Failure to Renew), and 20040.5 (Venue) against Servpro. The district court found that the California Addendum did not modify the choice-of-law provision in the Franchise Agreement, so Tennessee law governed the parties' relationship. It concluded that to the extent that the Franchise Agreement incorporated the CFRA via the California Addendum, defendants could litigate those rights as their breach of contract claim, which was not yet before the court. Defendants could not, however, litigate a standalone CFRA claim. We agree.

---

[1]Servpro argues that defendants failed to preserve this argument by not presenting it to the district court. But defendants explicitly argued to the district court that the California Addendum provided them rights under the CFRA, so it is properly before us.

The question presented here is simple: did the California Addendum modify the terms of the Franchise Agreement, or did it provide defendants the right to bring standalone claims under California law? The plain language of the California Addendum answers that question. The California Addendum "amend[s] by adding" certain language to the Franchise Agreement. This is consistent with the meaning of "addendum"—"Something to be added, usually to a document; especially a supplement to a . . . contract . . . to alter its contents or give more information." *Addendum*, Black's Law Dictionary (11th ed. 2019). So § 1 of the California Addendum modifies the text of §§ 1.2 and 10 of the Franchise Agreement. That is, the rights conferred by § 1 of the California Addendum are contract rights, enshrined in the Franchise Agreement as amended by the California Addendum. Section 1 does not provide any standalone rights to defendants. Therefore, the district court correctly determined that, to the extent that Cal. Bus. & Prof. Code §§ 20020, 20035, and/or 20040.5 are incorporated into the Franchise Agreement, any alleged failure to comply with those provisions is necessarily part of defendants' breach of contract claim.

Defendants resist this conclusion by arguing that § 1 of the California Addendum operates as a choice-of-law provision. The language of the California Addendum shows that this is incorrect. The Franchise Agreement contains a clear choice-of-law provision designating Tennessee law. True, the California Addendum provides that if the Franchise Agreement is *inconsistent* with California law, California law will control. But on appeal, defendants argue only that the CFRA is inconsistent with a wholly inapplicable provision of Tennessee law, Tennessee Code § 47-25-1504. That statute allows franchisors to terminate a franchise without an opportunity to cure only in seven specific circumstances. But what defendants fail to acknowledge is that Tennessee Code provision applies only to franchises that are "required to be licensed under" Tennessee's liquor control code. § 47-25-1502(1). Delta Dawgs does not hold a liquor license,

so this Tennessee law is inapplicable. Defendants do not argue that any other Tennessee law is inconsistent with California law, so Tennessee law—not the CFRA—continues to govern the dispute. Thus, the district court properly dismissed defendants' standalone CFRA claim.

B.

Defendants next argue that the district court should have found this counterclaim viable under Tennessee law. But defendants did not present this argument to the district court, so it has been forfeited. *See Thomas M. Cooley Law Sch. v. Kurzon Strauss, LLP*, 759 F.3d 522, 528 (6th Cir. 2014) ("It is well-settled that this court's function is to review the case presented to the district court, rather than a better case fashioned after an unfavorable order." (citation omitted)).

C.

Finally, defendants argue that the district court should have granted their request for leave to amend. Generally, we review a district court's denial of a motion for leave to amend a complaint for an abuse of discretion. *Babcock v. Michigan*, 812 F.3d 531, 541 (6th Cir. 2016). However, an informal request to amend raised only in response to a motion to dismiss does not constitute a motion for leave to amend. *See, e.g., Beydoun v. Sessions*, 871 F.3d 459, 469–70 (6th Cir. 2017). Defendants requested leave to amend in the final sentence of their opposition to Servpro's motion to dismiss, rather than in a standalone motion to amend. Such a request is procedurally improper. *Id*. The district court did not abuse its discretion when it denied defendants' request to amend.

III.

Next, defendants challenge the district court's grant of summary judgment in favor of Servpro on their breach-of-contract counterclaim. We review the district court's summary judgment rulings de novo. *Wilmington Tr. Co. v. AEP Generating Co.*, 859 F.3d 365, 370 (6th Cir. 2017). "Summary judgment is proper when, viewing the evidence in the light most favorable

to the nonmoving party, there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." *Id.* (citation omitted).

Defendants argue that the district court committed three errors: (1) it failed to recognize that the termination provision of the Franchise Agreement is unenforceable under Tennessee law; (2) questions of fact remain regarding whether Delta Dawgs actually engaged in the alleged misconduct, creating triable issues that preclude summary judgment; and (3) a question of fact exists as to whether Servpro was required to compensate them upon termination of the franchise. Having failed to raise either the first or third asserted error below, defendants have forfeited our review of those issues. *See Thomas M. Cooley Law Sch.*, 759 F.3d at 528.

That leaves us with the contention that there was a triable issue of fact as to whether Delta Dawgs actually engaged in the conduct that led Servpro to terminate the Franchise Agreement, given defendant Tammy Woloski's statement that all complaints against Delta Dawgs were unfounded. This statement, standing alone, is insufficient to withstand summary judgment for two reasons.

First, "[c]onclusory assertions, supported only by [a non-moving party]'s own opinions," do not create genuine disputes of material fact. *Arendale v. City of Memphis*, 519 F.3d 587, 605 (6th Cir. 2008). Tammy's generic we-did-nothing-wrong statement is unsupported by any evidence and is therefore not enough. *See Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 252 (1986) ("The mere existence of a scintilla of evidence in support of [a party]'s position will be insufficient.").

Second, even considering Tammy's statement, no reasonable jury could have found that a question of fact existed. Section 10.4(c) of the Franchise Agreement allows Servpro to terminate the relationship with Delta Dawgs if Servpro was on notice that Delta Dawgs was engaged in any

"conduct that reflects materially and unfavorably" upon Servpro and its reputation. This language makes clear that Servpro was entitled to terminate the Agreement if it determined that defendants' conduct had a material and unfavorable effect on Servpro's interests. And Servpro presented sufficient evidence to demonstrate that Delta Dawgs was engaged in conduct that was likely to have an adverse effect on Servpro's reputation, including a dozen complaints about Delta Dawgs business practices, four of which came from established Servpro customers, and a declaration from Servpro's President stating that defendants' conduct reflected materially and unfavorably on Servpro and its reputation. A "[g]ood faith belief of the franchisor that the franchisee is untrustworthy or engages in fraudulent practices undermines the entire franchise relationship." *Humboldt Oil Co., Inc. v. Exxon Co., U.S.A.*, 695 F.2d 386, 389 (9th Cir. 1982). Servpro has a legitimate concern, represented in the Franchise Agreement, with the public's opinion about whether it is a reputable company, and a dozen complaints might reasonably affect that opinion. Delta Dawgs has offered no evidence beyond conclusory self-serving statements to support its position that Servpro's concerns were not valid. Accordingly, the record establishes that Servpro was on notice that Delta Dawgs engaged in conduct that could damage Servpro or its reputation. This was a proper basis for Servpro to terminate the Franchise Agreement.

Defendants argue that Servpro's "good faith belief" is insufficient to terminate the Franchise Agreement. This is contrary to the plain language of the contract, which allows for termination on Servpro's "belie[f]" that Delta Dawgs' conduct would "have an adverse effect" on it. And the implied covenant of good faith and fair dealing applies to contracts formed under Tennessee law, *see Dick Broad. Co., Inc. of Tennessee v. Oak Ridge FM, Inc.*, 395 S.W.3d 653, 660 (Tenn. 2013), so the Franchise Agreement allowed Servpro to terminate Delta Dawgs's franchise when it had a good faith belief that Delta Dawgs was acting in a way that might harm

Servpro's reputation. As there was no genuine issue of fact, the district court properly granted summary judgment in favor of Servpro on defendants' breach of contract claim.[2]

IV.

For these reasons, we affirm the judgment of the district court.

---

[2]Although defendants designated in their Civil Appeal Statement of Parties and Issues the district court's entry of judgment in Richard Conner's favor, they did not brief any claims against him. They have, therefore, forfeited this aspect of their claim of appeal. See *White Oak Prop. Dev., LLC, v. Washington Twp., Ohio*, 606 F.3d 842, 850 (6th Cir. 2010).